United States Court of Appeals
Fifth Circuit

# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

**FILED**
February 20, 2012

Lyle W. Cayce
Clerk

U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   APR 2 7 2012

LORETTA G. WHYTE
CLERK

No. 08-31244
Summary Calendar

D.C. Docket No. 2:08-CV-1470

DONALD JONES

    Plaintiff - Appellant

v.

LIBERTY BANK & TRUST CO; ALDEN MCDONALD; JOHN R ANCAR, JR; MATTHEW SIMMS; KELLY D DIXON; CONNIE MCKINNEY; REGIONS BANK; TRACY RUTLEDGE, Past/Present Senior loan officer/investor of Regions Bank and as past/present finanical manager and coordinator of federal/state programs under Regions Bank; DARRYL CHAUVIN, Past/Present Senior loan officer/investor of Capital One Bank; PATRICK BELL, Past/Present financial manager and coordinator of federal/state incentives program under Capital One Bank; CLINT L SZUBINSKI, Past/Present director of Land-Gulf Coast Region for KBS; DEPARTMENT OF ECONOMIC DEVELOPMENT STATE OF LOUISIANA; OFFICE OF COMMUNITY DEVELOPMENT STATE OF LOUISIANA; LOUISIANA RECOVERY AUTHORITY STATE OF LOUISIANA, Walter Leger, Chairman; DEPARTMENT OF LABOR STATE OF LOUISIANA; DEPARTMENT OF ENVIRONMENTAL QUALITY, STATE OF LOUISIANA; DEPARTMENT OF SOCIAL SERVICES STATE OF LOUISIANA; KB HOME/SHAW LOUISIANA LLC; CAPITAL ONE, N.A.

    Defendants - Appellees

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on

file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendants-appellees the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: APR 2 4 2012

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
Deputy

New Orleans, Louisiana        APR 2 4 2012

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 20, 2012

Lyle W. Cayce
Clerk

No. 08-31244
Summary Calendar

DONALD JONES,

         Plaintiff-Appellant

v.

LIBERTY BANK & TRUST CO; ALDEN MCDONALD; JOHN R. ANCAR, JR; MATTHEW SIMMS; KELLY D. DIXON; CONNIE MCKINNEY; REGIONS BANK; TRACY RUTLEDGE, Past/Present Senior loan officer/investor of Regions Bank and as past/present financial manager and coordinator of federal/state programs under Regions Bank; DARRYL CHAUVIN, Past/Present Senior loan officer/investor of Capital One Bank; PATRICK BELL, Past/Present financial manager and coordinator of federal/state incentives program under Capital One Bank; CLINT L. SZUBINSKI, Past/Present director of Land-Gulf Coast Region for KBS; DEPARTMENT OF ECONOMIC DEVELOPMENT STATE OF LOUISIANA; OFFICE OF COMMUNITY DEVELOPMENT STATE OF LOUISIANA; LOUISIANA RECOVERY AUTHORITY STATE OF LOUISIANA, Walter Leger, Chairman; DEPARTMENT OF LABOR STATE OF LOUISIANA; DEPARTMENT OF ENVIRONMENTAL QUALITY, STATE OF LOUISIANA; DEPARTMENT OF SOCIAL SERVICES STATE OF LOUISIANA; KB HOME/SHAW LOUISIANA LLC; CAPITAL ONE, N.A.,

         Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-1470

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges:

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Donald Jones appeals from the dismissal of his civil action for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). He argues that the district court erred by denying his motions for default judgments against the defendants; that some defendants violated various provisions of federal statutory and constitutional law by denying his applications for funding designated for hurricane recovery; that other defendants violated federal law by working in concert to take away the property on which he wanted to build a development; and that the State defendants were not entitled to Eleventh Amendment sovereign immunity.

This court reviews a denial of a default judgment for abuse of discretion. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Parties are not entitled to a default judgment as a matter of right. *Id.* District courts should resort to the entry of a default judgment only in an "extreme situation." *Id.* (internal quotation marks and citation omitted).

One group of defendants received extensions to file responsive pleadings in part because of a delay in Jones's corporate co-plaintiffs indicating whether they had retained counsel. All of the defendants had filed pleadings by the time the district court ruled on Jones's motions for default judgments. The denial of those motions was not an abuse of discretion. *See Lewis*, 236 F.3d at 767.

This court reviews a Rule 12(b)(6) dismissal de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *accord Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Wolcott*, 635 F.3d at 763 (internal quotation marks and citation omitted).

Beyond his conclusional allegations of racial discrimination and his statement that violations occurred, Jones presents no legal argument as to how the defendants' specific actions violated any particular provisions of 42 U.S.C. §§ 2000d-2000d-7. The same is true of his Fifth and Fourteenth Amendment contentions. Jones has failed to brief those issues for appeal. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Claims under RICO, 18 U.S.C. § 1962, have three common elements: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (internal quotation marks and citations omitted). A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity. *Id.*

Racketeering activity is defined by reference to particular state and federal criminal offenses. *See* 18 U.S.C. § 1961(1). Jones's factual allegations, taken as true, indicate that (1) he was repeatedly deprived of access to federal and state financial assistance programs made available to speed hurricane recovery in Louisiana and (2) that one corporate defendant and its banking partners were able to obtain his property. Even if the defendants had the racial and political motives Jones alleges, Jones has failed to indicate that their actions fall within

3

the definitions of any of the criminal offenses listed as predicates for a RICO case. *See* § 1961(1). Moreover, "[b]ankers do not become racketeers by acting like bankers." *Sinclair v. Hawke,* 314 F.3d 934, 943 (8th Cir. 2003) (internal quotation marks and citation omitted).

Finally, Jones seeks mandamus relief, employing arguments substantially similar to those presented in his brief and also arguing that the district court was biased against him. Jones's direct appeal provided an adequate means for obtaining relief. *See In re Willy,* 831 F.2d 545, 549 (5th Cir. 1987).

AFFIRMED; MANDAMUS DENIED.

Print Form

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

BILL OF COSTS

NOTE: The Bill of Costs is due in this office *within 14 days from the date of the opinion*, See FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

Donald Jones        v.  Liberty Bank & Trust        No. 08-31244

The Clerk is requested to tax the following costs against: Donald Jones

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($450.00) | | | | | | | | |
| Appendix or Record Excerpts | | | | | | | | |
| Appellant's Brief | 15 | 18 | 0.15 | 40.50 | 15 | 18 | .15 | 40.50 |
| Appellee's Brief | | | | | | | | |
| Appellant's Reply Brief | | | | | | | | |
| Other: | | | | | | | | |

Total $ 40.50        Costs are taxed in the amount of $ 40.50

Costs are hereby taxed in the amount of $ 40.50 this 24th day of April, 2011.

State of
County of Louisiana, Parish of East Baton Rouge

LYLE W. CAYCE, CLERK
By _____ Deputy Clerk

I David G. Sanders, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This 29th day of February, 2012.

(Signature)

*SEE REVERSE SIDE FOR RULES
GOVERNING TAXATION OF COSTS

Attorney for Department of Economic Development et

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

## BILL OF COSTS

**NOTE:** The Bill of Costs is due in this office *within 14 days from the date of the opinion*, See FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

DONALD JONES    v.   LIBERTY BANK & TRUST CO.           No. 08-31244

The Clerk is requested to tax the following costs against:   DONALD JONES

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($450.00) | | | | | | | | |
| Appendix or Record Excerpts | 4 | 107 | .10 | 42.80 | 4 | 107 | .10 | 42.80 |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | 7 | 27 | .10 | 18.90 | 7 | 27 | .10 | 18.90 |
| Appellant's Reply Brief | | | | | | | | |
| Other: Binding ($1.50 each) | 7 | | | 10.50 | 7 | | 1.50 | 10.50 |
| | | | Total $ | 72.20 | | | | 72.20 |

Costs are hereby taxed in the amount of $ 72.20 this 24th day of _____

State of Louisiana
County of East Baton Rouge

Scott C. Barney, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This 2nd day of March, 2012

_____ (Signature)

Attorney for Capital One, Regions Bank and KB Home

Costs are taxed in the amount of $ 72.20

_____ day of April, 2012

LYLE W. CAYCE, CLERK
By _____ Deputy Clerk

*SEE REVERSE SIDE FOR RULES GOVERNING TAXATION OF COSTS